I am at a loss to perceive the equity that entitles the plaintiff to a priority in interest over Washington and Thompson. His intestate was surety for Robert H. Helme for a debt upon which there was a judgment and execution against him, but there was no lien created thereby on the fund in question, neither had the creditor a lien on that fund. If they had, and could thereby have had their debts discharged, but had elected to proceed against Helme's property, which only was liable for the plaintiff's debt, and which would have been applied to the plaintiff's debt had not the execution of the bank been the oldest, I think in that case the plaintiff might claim to stand in the place of the bank as to that fund. But it does not appear that the bank creditors had any option. Neither they nor the plaintiff's intestate had any lien upon it. And if Washington and Thompson are bona fide creditors of Helme, and have got a conveyance of it in discharge of their debt, I see no reason why it should be wrested from them. For ought that appears, their claim is as well founded as that of the plaintiff.
PER CURIAM. Demurrer sustained and bill dismissed.
Cited: Pope v. Harris, 94 N.C. 64; Baker v. Brown 103 N.C. 80.
Dist.: Thompson v. Peebles, 85 N.C. 419. *Page 93 
(151)